**FORTY OAKS COMPANY, Appellant,**

v.

**WESTVALE CORPORATION et al., Appellees.**

No. 16000.

Court of Civil Appeals of Texas.

Fort Worth.

May 15, 1959.

Rehearing Denied June 12, 1959.

**616**

J. Rob Griffin, Fort Worth, for appellant.

Rawlings, Sayers, Scurlock & Eidson, and Leland Hodges, Jr., Fort Worth, for appellees.

MASSEY, Chief Justice.

Primarily, this case involves the construction of a contract. The contract was one which contemplated a sale of certain real estate for the purpose of its subdivision and development as a residential subdivision within a municipality in Tarrant County, Texas.

The sale was consummated and certain construction ensued which damaged the interests in real estate of two individuals who were not parties to the contract. These parties were Leighton Walker and Sam Jhona. For our purposes they may be considered as the owners in fee simple of two adjoining lots on which they had their homes. At the rear of said lots, the same abutted upon and adjoined the property which was the subject of the sale. The contractual construction contended for by Westvale Corporation and Lealand Hunter was to the effect that the Forty Oaks Company (as successor to the obligations of the vendor of the real estate to be subdivided) was obliged to secure from Messrs. Walker and Jhona the right to use a portion off the rear of their lots in the construction of an open drainage ditch. Forty Oaks Company did not secure such right and easement, though the Westvale Corporation proceeded upon the assumption and belief that they had been so secured. Westvale's acts, pursuant to this assumption, caused the damage of Messrs. Walker and Jhona. As the result of the act of opening and constructing the open drainage ditch (entailing cutting some

12 feet off the rear of the Walker and Jhona lots), suit for mandatory injunction was brought for restoration of the Walker and Jhona properties to their original state. Westvale Corporation and Hunter, in the same suit, named Forty Oaks Company as a cross-defendant in their plea for affirmative relief, this part of the suit being for recovery as damages the cost to comply with the mandatory injunction. This was the phase of the action which was based upon contract and a construction thereof. Westvale Corporation and Hunter prevailed by their suit and Walker and Jhona by theirs.

The appeal was taken by Westvale Corporation and Lealand Hunter from the judgment of injunction against them in favor of Walker and Jhona. Appeal was also taken by Forty Oaks Company from the money judgment entered against it in favor of Westvale and Hunter.

Judgment decreeing injunction is affirmed. Money judgment against Forty Oaks Company reversed and remanded.

The date of the contract which was construed against the contention of Forty Oaks was March 6, 1956. Prior to that date the land contemplated to be developed, plus that of Walker and Jhona, was platted and dedicated and constituted a subdivision in being and under development for residential purposes. The owners of the entire area (other than Walker and Jhona) were Billye Rose Taylor, Martha Jean Ansley and Ezell Ansley. Westvale and Hunter, its trustee, were interested in acquiring all the property (other than that of Walker and Jhona) to develop as a subdivision according to a plan which differed in material respects from the plan theretofore in effect. Billye Rose Taylor and the Ansleys were interested in selling to them. A meeting of the minds of the parties desiring to sell and those desiring to buy was reached, and pursuant thereto the contract of March 6, 1956, was executed.

After describing the property to be transferred, reciting the consideration and terms of its payment by Hunter, as trustee, and title and closing provisions, we find Paragraph 4 of the instrument, reading as follows:

"Purchaser is buying this property for purpose of subdividing and developing same as a residential addition. Vendors represent that any restrictions or previous platting of such property may be rescinded and abandoned and all roads, streets, alleys, easements or ways closed and terminated so that said property may be developed as purchasers deem fit. *Vendors agree to give and obtain all necessary consent and waivers and releases deemed necessary by Purchaser to effectuate such purposes.*" (Emphasis supplied.)

Further along in the contract, we find Paragraph 15 thereof, reading as follows:

"*Vendors agree to join in and obtain the joinder of any other necessary parties in any dedication,* and to execute any restrictive covenants which Purchaser may desire to place *on any of the land purchased hereunder,* and to make any tract or tracts retained by them or their assigns out of said 75 acres subject to any such dedication and restrictions." (Emphasis supplied.)

A conveyance was effected in accordance with the contemplation of the parties, and with the consent of the interested municipality and Walker and Jhona, the previous platting was vacated. Westvale and Hunter thereafter effected the new platting and dedication of the property acquired so as to be in accord with the new development plan.

In view of the state of the record before us, there is no question but what the obligations originally incumbent under the stated terms of the contract upon Billye Rose Taylor and the Ansleys were assumed by their subsequent transferee, Forty Oaks. Hence, in connection with the appeal, as related to the matter of contractual construc-

tion, Forty Oaks' obligations under the contract might be treated as though it was the original vendor.

After Hunter, as trustee, received the property from the vendors, he assigned and transferred the same along with his rights under the contract to Westvale. Hunter then became the general manager for Westvale, and in so far as it acted thereafter its actions were primarily done and performed through the agency of Hunter.

Following conversations held between Hunter and Walker, Billye Rose Taylor (who had become an officer of Forty Oaks) and Jhona, and Mrs. Taylor and Hunter, it was the opinion of everyone interested, other than Walker and Jhona, that it was agreeable with Walker and Jhona that the open drainage ditch be opened at the rear of their lots, with some 12 feet taken off their property in connection therewith. It is undisputed, however, that no contractual agreement was ever executed which gave Westvale any right to an easement of any character on any part of Walker's land. There is some question upon the matter of Jhona's land, since he held under a contract to sell rather than a contract of sale, and certainly Forty Oaks (which had succeeded to the position of Jhona's contractual vendor) either had or was obliged to give a drainage easement off any property within the newly platted subdivision of Westvale,—and its officer, Mrs. Taylor, if not Forty Oaks itself, understood that the drainage denoted by the term "drainage easement" on the new plat was to be by an open ditch.

In this state of circumstances, and while both Walker and Jhona were away, Westvale caused its contractor to cut the open drainage ditch across the rear of the Walker and Jhona lots, taking some 12 feet off the rear of their properties and leaving a sharp ledge of the nature of a minor cliff from which the "drop off" would be to the bottom of the drainage ditch.

It was after this occurred that Walker and Jhona filed suit for mandatory injunc-

tion for restoration of their properties. The evidence in the record makes it plain that they would have had no objection and would have registered no complaint had Westvale caused some character of piping for the transmission of drainage waters to be laid in the open cut made by its contractor, with the earth restored at its former grade the full depth of their lots. This was not done. Neither Westvale nor Forty Oaks ever planned that it be done. The evidence supports the findings made by the jury to the effect that neither Jhona nor Walker ever were given to understand or consented that it should not be done, or that the term "drainage easement" denoted on the new plat of Westvale was to indicate an open drainage ditch.

■ At this point we will consider the appeal as same was taken by Westvale and Hunter, against whom the judgment for mandatory injunction was entered. Said judgment was in favor of Walker and Jhona for the restoration of their properties. The contention is that the jury findings were severally so contrary to the overwhelming weight and preponderance of the evidence and so manifestly unjust as to be clearly wrong. Predicated solely thereupon the prayer is for reversal and remand.

We have examined the whole of the statement of facts and have concluded that the points of error must be overruled. The evidence clearly raised the issues presented to the jury and answered against Westvale and Hunter. We deem it unnecessary to lengthen the opinion by detailing the evidence other than is indicated in our general narration of the facts giving rise to the suit.

■ The remaining appeal, that of Forty Oaks in relation to the money judgment against it in favor of Westvale and Hunter, for the cost of complying with the mandatory injunction, is in our opinion controlled by the principles of law relating to the construction of contracts. The parties in-

sist that contractual provisions to be construed are those in the contract of March 6, 1956, under paragraphs numbered 4 and 15, previously copied herein in full.

Points of error Nos. 3 to 6, inclusive, amount to the contention that the contract of sale did not provide or operate to obligate Forty Oaks to secure a drainage ditch easement off the rear of the lots of Walker or Jhona, and that the construction of the contract to the contrary was erroneous. Embodied therein is the contention that in so far as any evidence was considered in connection with the contractual construction it was erroneously considered, the conclusions upon the construction not properly benefited or supported by extrinsic evidence.

We have reached the conclusion that the points must be sustained and the judgment against Forty Oaks reversed. From the evidence it would appear that theoretically it might have been possible for Westvale and Hunter to have successfully sought a reformation of the contract so as to make it be in accord with the intentions of the original parties, and perhaps might have elicited evidence which would have imposed obligations upon Forty Oaks like unto those which might have been successfully imposed upon the original vendors under the contract. The fact is, however, that there is no pleading or prayer for reformation, and this case is to be disposed of on the construction to be given the contract.

Fully complied with was Paragraph 4 of the contract relative to the obtaining of all necessary consent, waivers and releases deemed necessary to effectuate the purpose of vacating the existing plat and dedication of the properties, inclusive of the properties of Walker and Jhona. There is no occasion to construe the same since there could have been no breach.

Paragraph 15 of the contract relates to and provides for duties and obligations relative to the joinder of other parties in the new dedication. This provision would include the duty and obligation to get Walker and Jhona to join in the new dedication. This was not done. The proof, however, does not show that it could not have been done, or that it could not presently be done. Neither does it appear that there was any failure or refusal to comply with any request to get it done. Furthermore, the proof does not relate to a measure of damages properly to be assessed because of any wrongful failure or refusal on the part of Forty Oaks to obtain the easement, assuming of course that rescission of the contract would not be desired or would be improper. Under the evidence it appears that Walker and Jhona would have been agreeable to the granting of a "drainage easement" as they understood the meaning of the term on the new plat, although they would not have been willing to grant such an easement in the form of an open drainage ditch.

In any construction of the balance of Paragraph 15, there could have been no breach on the part of Forty Oaks, for Westvale has a drainage easement over the property which was purchased. Indeed, it has an open drainage ditch on the property, in that at least a part of such ditch is located thereon.

■ We do not consider Paragraph 15,— as same applies to Forty Oaks' obligation to obtain Walker's and Jhona's joinder to the new dedication,—to contain ambiguous provisions. Any ambiguity was created by the evidence. There being no ambiguity in the instrument itself, the construction was for the court and not for the jury, and the meaning of the contract would arise wholly from the language unaided by extrinsic matters. 10–A Tex.Jur., p. 405, "Contracts", sec. 198, "Construction by Court or Jury". Therefore, though the evidence shows a breach of contract on the part of Forty Oaks, such breach was not such as supported the judgment which was entered, or for damages under the measure adopted. Issues in the pleadings were

broad enough to encompass a proper cause of action, but not that which was obviously considered to have been encompassed.

This phase of the case was obviously tried on an erroneous theory and should therefore be remanded rather than rendered.

Judgment for mandatory injunction affirmed. Judgment for damages against Forty Oaks reversed and remanded for another trial.